PETITION UNDER 28 USC ... FOR WRIT
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

# United States District Court

**District:** SOUTHERN DISTRICT OF FLORIDA

**Name:** JAMES FORD

**Prisoner No.** 180388    **CIV-DAVIS**
**MAGISTRATE JUDGE SORRENTINO**

**Place of Confinement:** Hendry Correctional Institution 12551 Wainwright Drive, Immokalee, Florida 34142-9747

MAIL BOX # C-1115-uper

JAMES FORD v. HARRY K. SINGLETARY

The Attorney General of the State of: ROBERT A. BUTTERWORTH

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: THE ELEVENTH JUDICIAL CIRCUIT COURT, DADE COUNTY FLORIDA

2. Date of judgment of conviction: NOVEMBER 2d., 1994.

3. Length of sentence: 30 Years W/10 Min.Man., in Ct.1; 10 Years W/5 Min.Man. Ct 2,3.

4. Nature of offense involved (all counts): Agg. Assault on a Law Enforcement Off. (Ct.1); Resist.W/Violence (Ct.2); Battery on LEO. (Ct.3).

5. What was your plea? (Check one)
    (a) Not guilty   XX
    (b) Guilty
    (c) Nolo contendere
   If you entered a guilty plea to one count of indictment and a not guilty plea to another count or indictment, give details.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury   XX
    (b) Judge only

7. Did you testify at the trial?
    Yes XX   No

cat/div De Dade ("2234")
Case # 99CV0428
Judge Davis   Mag CtIS
Motn Ifp  TO   Fee pd $ .00
Receipt #

8. Did you appeal from the judgement of conviction?
   Yes XX   No

(2)

8. If you did appeal, answer the following:

 (1) Name of court: THE THIRD DISTRICT COURT OF APPEALS, FLORIDA

 (2) Result: AFFIRMED, in case no.,95-584

 (3) Date of result and citation, if known: 2/21/96, Ford V. State,669So.2d.257(Fla.3DCA, 1996)(table).

 (4) Grounds raised: See, pg.3(a).

 If sought further review of the decision on appeal by a higher state court, please answer the following:

  (1) Name of court

  (2) Result

  (3) Date of result and citation, if known

  (4) Grounds raised

 If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

  (1) Name of court

  (2) Result

  (3) Date of result and citation, if known

  (4) Grounds raised

10. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
 Yes XX No ☐

11. If your answer to 10 was yes, give the following information:

 (a) (1) Name of court: ELEVENTH JUDICIAL CIRCUIT COURT, DADE COUNTY, FLORIDA.

  (2) Nature of proceeding: RULE 3.850 Motion for post-conviction relief. in case no.,93-41620.

  (3) Grounds raised: See, pg.3(b).

9(d) Continued;...

### Issues On Direct Appeal in case no., 95-584

Issue 1- Did the trial judge improperly prohibit impeachment of a police officer with a prior inconsistent statement ?

Issue 2- Did the state's closing argument improperly refer to matters outside the record and was it used to improperly bolster the testimony of the police officer ?

Issue 3- Did the trial court give an improper case specific instruction that the officer was acting lawfully at the time of the incident ?

11(a)(3) Continued.,

<u>Issues On Post-Conviction in case no., 93-41620</u>

Issue 1- Counsel rendered ineffective assistance where she failed to object and present valid grounds thereto in support when the trial judge improperly limited defense counsel's cross-examination of the state's key witness. Thereby failing to preserve this issue for appellate review , and denying Ford his sixth amendment right to confrontation.

Issue 2- Counsel rendered ineffective assistance when she failed to object and preserve for appellate review, the state's closing arguments that improperly referred to matters outside of the record and was used to improperly bolster the testimony of the police officers. Thereby depriving Ford of a fair trial.

Issue 3- Counsel rendered ineffective assistance when she failed to object to the improper jury instructions that were used in this case, because said instructions were improperly case specific and basically instructed the jury that the officer was acting lawfully at the time of the incident.

Issue 4- Counsel rendered ineffective assistance when she failed to adequately prepare for trial by failing to interview and subpoena Ford's only defense witness that would have presented exculpatory testimony.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result __DENIED__

(6) Date of result __AUGUST 28th., 1997.__

As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

*Caution:* In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Conviction obtained by a violation of this petitioner's right to confront the witnesses against him.

Supporting FACTS (state *briefly* without citing cases or law): The trial court violated petitioner's right to impeach a state witness on cross-examination with the witnesses prior inconsistent out of court statement in his official police report describing the incident, in violation of petitioner's sixth amendment right to confrontation.

See, Argument One pg.2-4 (provided).

B. Ground two: Conviction obtained by the use of improper comments to the jury on closing arguments.

Supporting FACTS (state *briefly* without citing cases or law): The state's improper closing arguments to the jury were based on decipt, bolstered the testimony of the states witnesses, and referred to matters outside of the record, thereby violating this petitioner's right to a fair trial.

See, Argument Two pg.5-8 (provided).

(5)

AO 243 (Rev. 5/85)

C. Ground three: **Conviction obtained by the use of unconstitutional jury instructions, directing a partial verdict of guilt.**

Supporting FACTS (state briefly without citing cases or law): The trial court erred in giving the jury an improper case specific jury instruction that the officers were acting lawfully at the time of the incident, thereby negating this petitioner's defense, and ordering a partial directed verdict of guilt, in violation of petitioner's right to a jury trial and due process of law.

See, Argument Three pg.9-11 (provided).

D. Ground four:

Conviction obtained by the Ineffectiveness of Trial Counsel.

Supporting FACTS (state briefly without citing cases or law): Trial Counsel was ineffective for failing to object to and otherwise correct the trial court's improperly limiting the impeachment of a state witness thereby depriving petitioner of his right to impeach the state witness and appellate review thereof.

See, Argument Four pg.13-15 (provided).

Continued on page (6)(a)...

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  Public Defender's Office.

(b) At arraignment and plea  Public Defender's Office.

(6)

12 Continued...

Ground Five: Conviction obtained by the Ineffectiveness of
           Trial Counsel.
   Trial Counsel was ineffective for failing to object to the
   State Attorney's improper closing arguments to the jury,
   thereby depriving this petitioner of his right to a fair
   trial and appellate review of this issue.
          See, Argument Five pg. 16-17 (provided).

Ground Six: Conviction obtained by the Ineffectiveness of
          Trial Counsel.
   Trial Counsel was ineffective for failing to object to the
   Trial Court's improper case specific jury instruction,
   thereby depriving this petitioner of his right to a fair
   trial and appellate review of this issue.
          See, Argument Six pg. 18-19 (provided).

Ground Seven: Conviction obtained by the Ineffectiveness of
            Trial Counsel.
   Trial Counsel was ineffective for failing to properly
   investigate petitioner's defense and failed to discover
   petitioner's exculpatory witness.
          See, Argument Seven pg. 20 -21 (provided).

AO 24 (Rev 5 85)

(c) At trial    Beverly A. Linton-Davis P.A., 10031 Pines Boulevard, 234, Pembroke Pines, Florida 33024.

(d) At sentencing:    Same,

(e) On appeal    Kenneth P. Speiller, Asst. Public Defender, 1507 N.W. 14 St., Miami, Florida 33125.

(f) In any post-conviction proceeding    In pro.,se.,

(g) On appeal from any adverse ruling in a post-conviction proceeding    In pro.,se.,

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding

*James Ford 180388*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct Executed on

2/8/99
(date)

*James Ford 180388*
Signature of Petitioner

(7)